**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**500 Indiana Avenue, N.W., Suite 5000**
**Washington, D.C. 20001 Telephone: (202) 879-1133**

Omar Mendez Rivas
_____
Plaintiff

vs.

Case Number  2015 CA 009649 B

Whitman Walker Health
_____
Defendant

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Jonathan P. Bailey
_____
Name of Plaintiff's Attorney

1101  30ᵗʰ  St. NW.
_____
Address
#500

Washington, D.C. 20007
_____
Telephone

*Clerk of the Court*

By _____
                    Deputy Clerk

Date _____

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시요    የአማርኛ ትርጉም ከፈለጉ (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español





**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Teléfono: (202) 879-1133

_____
                                    Demandante

          contra
                                                        Número de Caso: _____

_____
                                    Demandado

## CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

                                                        *SECRETARIO DEL TRIBUNAL*

_____
Nombre del abogado del Demandante

                                    Por: _____
_____                              Subsecretario
Dirección

_____
                                    Fecha _____

Teléfono
如需翻译,请打电话 (202) 879-4828        Veuillez appeler au (202) 879-4828 pour une traduction        Để có một bài dịch, hãy gọi (202) 879-4828
          번역을 원하시면, (202) 879-4828 로 전화주십시요           የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ።

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO.*

Si desea conversar con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

                                                                    CASUM.doc

EXHIBIT A

Filed
D.C. Superior Court
12/14/2015 11:37AM
Clerk of the Court

## IN THE SUPERIOR COURT FOR THE
## DISTRICT OF COLUMBIA

```
*********************************************
OMAR MENDEZ RIVAS                        }
3434 Beale Court                         }
Woodbridge, VA  22193                    }
                                         }
            Plaintiff,                   }
                                         }    Case No.:_____
v.                                       }
                                         }    (Jury Trial Demanded)
WHITMAN WALKER HEALTH                    }
1701 14th Street, NW, Suite 100          }
Washington, DC 20009                     }
                                         }
            Defendant.                   }
*********************************************
```

## COMPLAINT AND JURY DEMAND

Plaintiff Omar Mendez Rivas ("Rivas"), by and through undersigned counsel, files this Complaint and seeks an Order of Judgment against Whitman Walker Health ("WWH") pursuant to Section 11(c) of the Occupational Safety & Health Act (OSHA) [29 U.S.C. §660(c)], 42 U.S.C. § 1983 and the District of Columbia Human Rights Act, for deprivation of civil rights and discrimination based upon race, national origin, and gender, negligence and for wrongful discharge and intentional and negligent infliction of emotional distress.

### Venue and Jurisdiction

1.  Jurisdiction of this Court is founded on D.C. Code § 11-921, as amended.

2.  This Court has personal jurisdiction over the Defendant pursuant to D.C. Code § 13-423, as amended.

### Parties

3.      Plaintiff Rivas, a Hispanic male of El Salvadoran national origin and resident of

Virginia, was an employee of Defendant as a Staff Accountant.

4.      Defendant WWH maintains an extended business presence as a full service health

clinic in the District of Columbia.  Defendant is an employer that hired Plaintiff as an employee

and is subject to the laws preventing discrimination in employment as set forth more fully in the

Counts that follow.   All adverse employment actions were taken by non-Hispanic female

management.

### Preliminary Statement

5.      Plaintiff Rivas is the victim of insidious discrimination and retaliation because he

complained of hazardous health conditions in his workplace with Defendant WWH.  Defendant

WWH, by and through its employees, decided to violate federal, state and common law by

terminating Plaintiff's employment only two hours after being informed that Plaintiff had filed a

formal complaint with the Occupational Safety and Health Administration (OSHA).  Defendant

callously, without explanation, terminated Plaintiff after he complained to management and just

after he submitted a written complaint of hazardous work place conditions with OSHA.  At all

times, Plaintiff was respectful and honest in his communications with management in expressing

his concerns about the hazardous work place.  At no point after his hire and prior to his termination

did Defendant complain about his work performance, other than praise. The Defendant violated

Plaintiff's statutory, common law and constitutional rights without regard to the law and an Order

of Judgment must entered against Defendant.

6.      The District of Columbia Human Rights Act states "It shall be an unlawful

discriminatory practice to do any of the following acts, wholly or partially for a discriminatory

reason based upon the actual or perceived: race, color...sex, age...personal appearance...otherwise to discriminate against any individual, with respect to...terms, conditions, or privileges of employment, including promotion; or to limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities, or otherwise adversely affect his status as an employee." The OSH Act does not preempt state or common law remedies for retaliatory discharge based upon discrimination and violations of public policy.

## STATEMENT OF FACTS

7.      Plaintiff was hired on April 20th, 2015, as a Staff Accountant/Grant Biller for Defendant WWH.  Only two hours after Plaintiff made his last complaint of hazardous work place conditions, Defendant retaliated and terminated his employment.

8.      Beginning on or about July 29th, 2015, Plaintiff made several complaints to managers Ms. Cynthia Meekins and Ms. Naseema Shafi – his complaints were based on threats to his personal health and well-being. The offices of Defendant had been contaminated with paint fumes and other toxic materials.  Plaintiff attempted to communicate that his health had been threatened and he reached out and asked for help and assistance by  asking employees Ms. Melanie Lilliston, Ms. Cynthia Meekins and Ms. Naseema Shafi.

9.      After Plaintiff attempted to seek assistance to remedy the hazardous work place conditions, his plight turned into a nightmare, when after two hours after his last complaint – wherein he advised Defendant that he had filed a formal complaint with OSHA - his employment with Defendant was terminated without explanation by Ms. Cynthia Meekins (Director of Grants and Program Administration) and Ms. Carole Schor (Director of Human Resources).

10.      One week prior to termination, Plaintiff filed a complaint with OSHA in regards

building violations and the uses of toxic paint in a confinement space during working hours, without warning or without protection against harmful fumes and materials used – this resulted in Plaintiff getting severely ill with headaches, dizziness, nauseas and respiratory difficulties. When Plaintiff expressed his concerns and his illness resulting from his confinement in a space with toxic fumes and harmful poison materials, his anxiety, suffering and sickness went ignored and he was wrongfully terminated.

11.    Defendant maintains that it did not terminate Plaintiff because of his complaints because he did not, it alleges, actually complain of hazardous workplace conditions.  If this were true, Defendant would have offered some explanation for his termination – they offered nothing, despite his requests for the same, answering "we don't want to talk about it."  Other employers would have noted poor workplace performance, write ups, disciplinary action, tardiness, etc. – something – indeed, anything – to justify termination.  Defendant was mute.

12.    Plaintiff is a Hispanic male of El Salvadoran national origin – the actions of Defendant were taken by female employees of non-Hispanic race and national origin.  The actions were taken based not just in violation of public policy and a violation of common law, but in violation of state and federal statutes prohibiting adverse employment actions based upon race, national origin and gender.  Defendant would not have terminated Plaintiff's employment if he were a non-Hispanic female – the adverse and invidious employment termination was a direct result of discrimination  and retaliation after Plaintiff complained of hazardous workplace conditions during his conveniently titled "probationary" work timeframe.

## COUNT I
### OSHA/Whistleblower/Retaliation

13.    Section 11(c) of the Occupational Safety & Health Act (OSHA). [29 U.S.C. §660(c)], provides protection for employees who exercise a variety of rights guaranteed under the

Act, such as filing a safety and health complaint with OSHA. This Court has jurisdiction to remedy this federal violation of retaliation.

14.     Prior to his termination, Plaintiff filed a complaint with OSHA in regards building violations and the uses of toxic paint in a confinement space during working hours, without warning or without protection against harmful fumes and materials used – this resulted in Plaintiff getting severely ill with headaches, dizziness, nauseas and respiratory difficulties. When Plaintiff expressed his concerns and his illness resulting from his confinement in a space with toxic fumes and harmful poison materials, his anxiety, suffering and sickness went ignored; only hours after he advised Defendant that he had filed a formal complaint with OSHA, he suffered retaliation and was wrongfully terminated.

15.     OSHA is conducting an investigation but the retaliation is ripe for consideration by this Court.

16.     This retaliation has caused past, present and future pain and suffering, loss of enjoyment of life, loss of employment opportunities, past, present and future, as well as attorney's fees and costs.

<u>**COUNT II**</u>

<u>**42 U.S.C. § 1983**</u>

17.     Defendant, by and through its employees, conspired to deny Plaintiff Rivas of his employment rights, as guaranteed by the Constitution, Fourteenth Amendment and federal statutes, enforceable under 42 U.S.C. § 1983, by retaliating against him for expression of hazardous work place conditions, treating his disparately and discriminating against both on the basis of his race, national origin and  gender.  Plaintiff Rivas was subjected to said conditions when those in non-protected categories were treated differently and favorably in their employment.

18.    This discrimination has caused past, present and future pain and suffering, loss of enjoyment of life, loss of employment opportunities, past, present and future, as well as attorney's fees and costs.

## COUNT III
### District of Columbia Human Rights Act

19.    Defendant, by and through its employees, conspired to deny Plaintiff Rivas of his employment rights, as guaranteed by the District of Columbia Human Rights Act, by retaliating against him for complaining of hazardous work place conditions in violation of public policy, treating his disparately and discriminating against his in his employment on the basis of desire to work in safe conditions. Plaintiff Rivas was subjected to said employment conditions based solely on his race, national origin and gender – and was subjected to said conditions when those in non-protected categories were treated differently and favorably in their employment.

20.    This discrimination has caused past, present and future pain and suffering, loss of enjoyment of life, loss of employment opportunities, loss of income, past, present and future, as well as attorney's fees and costs.

## COUNT IV
### Intentional Infliction of Emotional Distress

21.    Defendant, by and through its employees, conspired to deny Plaintiff Rivas of his employment rights by treating him disparately and discriminating against his on the basis of his race, national origin and gender. With full knowledge the hazardous work place conditions, his complaints to a federal agency and to his managers, Defendant terminated his employment without explanation, and acted beyond the boundaries of normal decency, shocking the conscience.

22.    This intentional and invidious conduct inflicted severe emotional distress upon Plaintiff, causing depression, humiliation and loss of daily enjoyment of life.

23.     This intentional infliction of emotional distress has caused past, present and future pain and suffering, loss of enjoyment of life, loss of employment opportunities with Defendant, past, present and future, as well as attorney's fees and costs.

## COUNT V
### Negligent Infliction of Emotional Distress

24.     This Defendant WWH, by and through Mr. Carr and other employees/agents subjected Plaintiff to wrongful termination for complaints of hazardous work place conditions.

25.     Defendant WWH knew or reasonably should have known that the conduct of its employees/agents failure to exercise due care in the handling with issues contained herein and the conduct described herein would and did proximately result in physical and emotional distress to Plaintiff.  Plaintiff was placed in the zone of danger and Defendant had full knowledge of the likelihood of emotional distress over the hazardous work place conditions.

26.     At all relevant times, Defendant WWH had the power, ability, authority, and duty to stop engaging in the conduct described herein and/or to intervene to prevent or prohibit said conduct.

27.     This negligent infliction of emotional distress has caused past, present and future pain and suffering, loss of enjoyment of life, loss of employment and educational opportunities, loss of income, past, present and future, as well as attorney's fees and costs.

## COUNT VI
### Negligence

28.     Prior to his termination, Plaintiff complained to Defendant's management of negligence in the uses of toxic paint in a confinement space during working hours, without warning or without protection against harmful fumes and materials used – this resulted in Plaintiff getting severely ill with headaches, dizziness, nauseas and respiratory difficulties.

29.     Defendant had a duty to protect its employees against harmful fumes and materials and this duty was breached as a reasonable person would not have allowed such fumes and materials to be present in the workplace during working hours.

30.     When Plaintiff expressed his concerns and his illness resulting from his confinement in a space with toxic fumes and harmful poison materials, his anxiety, suffering and sickness went ignored and he was wrongfully terminated.

31.     This negligence has caused past, present and future pain and suffering, loss of enjoyment of life, loss of employment opportunities, past, present and future, as well as attorney's fees and costs.

## COUNT VII
### Wrongful Discharge – Violation of Public Policy

32.     This Defendant WWH, by and through Mr. Carr and other employees/agents subjected Plaintiff to wrongful termination for complaints of hazardous work place conditions.

33.     Defendant WWH knew or reasonably should have known that the conduct of its employees/agents failure to exercise due care in the handling with issues contained herein and the conduct described herein would and did proximately result in physical and emotional distress to Plaintiff.

34.     At all relevant times, Defendant WWH had the power, ability, authority, and duty to stop engaging in the conduct described herein and/or to intervene to prevent or prohibit said conduct in violation of public policy.

35.     The wrongful discharge has caused past, present and future pain and suffering, loss of enjoyment of life, loss of employment and educational opportunities, loss of income, past, present and future, as well as attorney's fees and costs.

WHISEFORE, for the aforementioned reasons, Plaintiff respectfully requests that an Order of Judgment be entered against the Defendant on all Counts and that compensatory damages be awarded in an amount to exceed One Hundred Thousand Dollars ($100,000), attorney's fees, costs and that Defendant be enjoined from further acts of discrimination in employment as contrary to federal and state law. Further, Plaintiff seeks an award of punitive damages in an amount to exceed One Hundred Thousand Dollars ($100,000), for the conduct of the Defendant, by and through its employees, that shocks the conscience – the severe conduct of the Defendant is wanton and willful, representing the malicious risk of harm without a care for the consequences.

### Jury Demand

Plaintiff respectfully requests a Trial by Jury on all Counts.

Dated:  December 14th, 2015                    Respectfully submitted,

                                               **LAW OFFICE OF JONATHAN C. DAILEY**

                                               By:___/s/____Jonathan C. Dailey___
                                               Jonathan C. Dailey, Esq.
                                               Bar No. 448141
                                               1101 30th Street, NW, Suite 500
                                               Washington, D.C. 20007
                                               (202) 625-4348
                                               (202) 625-4349 (f)
                                               jonathan@victimlegalrights.com
                                               *Attorney for Plaintiff*